NEW-YORK,
Nov. 1805.

Pease, ex dem. Pease, *against* Ralph Barber.

Pease
v.
Barber.

Interest may be recovered under a count for money had and received.

IN *assumpsit* for *money had and received*, the judge charged the jury to allow interest, which was accordingly done. The question, now without argument submitted, was, whether, under a count for money had and received, a plaintiff could recover interest?

*Per curiam*, delivered by KENT, C. J. The particular circumstances attending this case, are not disclosed, and we are therefore to determine whether, interest can, in any case, be recovered under the count stated.

The English court of C. B. in the case of *Walker* v. *Constable*, 1 *Bos.* and *Pull.* 307, and again in the case of *Tappenden*, &c. v. *Randall*, 2 *Bos.* and *Pull.* 472, decided, that in an action for money had and received, the plaintiff could not recover beyond the net sum received without interest, and the opinion is said to have been founded upon the authority of *Moses* v. *Macferlan*, 2 *Burr.* 1005. The point does not appear to have been argued in either case, and the reporter has not favored the public with the reasons on which the opinion was founded, (if any reasons were given) except a naked reference to the case in *Burrow*. But on examining that case, the question of interest does not appear to have arisen, and is not once mentioned. The court confined themselves to the discussion of the general principles of the action, and those principles rather favor than contradict the position, that interest may be recovered in that form of action. The case of *Robinson* v. *Bland*, 2. *Burr*. 1077, which was decided shortly after that of *Moses* v. *Macferlan*, shows pretty clearly, that the question of interest was not considered as being involved in the former decision, and interest was allowed to be recovered under the money counts, which were counts for money had and received, and money lent, and there was no distinction raised as between the two counts.

The action for money had and received is an equitable action, and the party must show that he has equity and

conscience on his side. The rule in equity is to allow interest in many cases for money had and received, *Barwell* v. *Parker*, 2 *Vezey* 364. *Ekins* v. *East-India Company*, 1. *P. W.* 396. *Lynch* and *Stoughton* v. *Administrators of Gardoqui*, decided in the court of appeals in this state, in 1802.

We are of opinion, therefore, that interest may be recovered in an action for money had and received; and for what appears to the contrary, it may have been proper in the present case, and as the defendant has not disclosed by his case, the circumstances attending it, we are to intend interest was properly allowed. There may be cases in which the defendant ought to refund the principal merely, and there may be other cases in which he ought *ex æquo* and *bono*, to refund the principal with interest. Each case will depend upon the justice and equity arising out of its peculiar circumstances, to be disclosed at the trial. Judgment for the plaintiff.